**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO.: 4:21-CR-00350** |
| | § | |
| **VANESSA SILLABI** | § | |

<u>**UNOPPOSED JOINT MOTION FOR CONTINUANCE AS TO ALL DEFENDANTS**</u>
<u>**EXCEPT MICHAEL ANTHONY GONZALEZ**</u>

**TO THE HONORABLE JUDGE GEORGE C. HANKS:**

  **COMES NOW, VANESSA FERNANDE SILLABI, CLARENCE CHRISTOPHER CHAMBERS, JERRECK MICHAEL HILLIARD, DAMARQUIS MCGEE, JAVON YAW OPOKU, ANDRES SERRANO PORTILLO, CHANTEL DESHAY COLLINS, ASIA MONAE HAILEY, AND MICHAEL ANTHONY GONZALEZ,** by and through their Attorneys of Record, and file this Unopposed Joint Motion for Continuance as to all Defendants except **MICHAL ANTHONY GONZALEZ,** in the above-entitled and numbered cause, for the following reasons, as to-wit:

I.

  Defendants have been charged, individually, collectively and severally, in violation of the following:  Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A), by knowingly and intentionally conspiring and agreeing together, with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance; Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2 by knowingly and intentionally possessing

with intent to distribute a controlled substance; and, Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h), did knowingly and intentionally conspiring and agreeing together, with each other, and with other persons known and unknown to the Grand Jury, to conduct  financial transactions which in fact involved the proceeds of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, which the defendant then well knew represented the proceeds of some form of unlawful activity, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the said specified unlawful activities..

The Pre-trial Conference is currently scheduled for March 22, 2022 at 10a, and the Jury Trial is set for March 29, 2022 at 9a.

## II.

Defendants respectfully move the Court to continue the trial date in the above-referenced case from March 29, 2022, to a date convenient to the Court after June 29, 2022, with new pretrial motions' and conference deadlines set accordingly. Counsel believes under 18 U.S.C. § 3161(h)(7), the Court will find a continuance outweighs the best interests of the public and the Defendant in a speedy trial.

The motion is unopposed by the Government as represented by both AUSA Eun Suh and AUSA Richard Bennett.

## III.

To date, AUSA Eun Suh and AUSA Richard Bennett and Defense Counsel have conferred about the status and exchange of discovery in a productive and open manner.

IV.

Undersigned Counsels for Defense will require additional time beyond the current Trial date, to review the discovery and investigate all the factual allegations, locate and interview witnesses, conduct legal research, and prepare and file pretrial motions. Counsels will also need to have ample opportunity to discuss the same with the Defendants, some of whom are incarcerated. Due to the COVID pandemic, FDC Visitation Policies change frequently, therefore the access and availability of Defendants are crucial to their defense in preparation of trial. Additionally, those Defendants who are on GPS monitoring have some restrictions regarding their mobility and immediate availability.

For these reasons, the Defendants request that the Court find:

(a) taking into account the exercise of due diligence, the failure to obtain a continuance would deny Counsels for Defense the reasonable time necessary for effective preparation, due to their need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense. As set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

(b) a failure to obtain a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161 (h) (7) (B) (i);

(c) the additional time requested is a reasonable period of delay, as counsel has requested more time to prepare for trial, to investigate

the matter, to gather evidence material to the defense, and to consider possible defenses;

(d)   the Government has produced discovery that will require additional time to review and conduct follow-up investigation;

(e)   the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the Defendants in a speedy trial, as set forth in 18 U.S.C. § 3161 (h) (7) (A); and,

(f)   the additional time requested between the current trial date of March 29, 2022, and the new Trial date is necessary to provide Counsels for Defendants reasonable time to prepare for trial considering Counsel's schedule and all of the facts set forth above.

V.

Attorneys for the Defendants additionally request a continuance as to the trial dates in this matter due to scheduling conflicts.  As a result of the Covid-19 pandemic, docket settings have been adjusted continuously and consistently throughout the past year and a half.  Courts are now in a better position to definitively set pre-trial conference and jury trial dates, but certain and older cases are now taking precedent on Court Dockets.

With that being said, the conflicts in scheduling amongst all Counsels of Record in the present case are numerous and relative to the dates of the cases.  Counsels also require additional time to properly review the discovery, and then to discuss with Defendants.

And, as with any other case, there are also probably singular discussions being conducted with the Government.

II.

Attorneys for the Defendant respectfully request at least a 120-day continuance of the Pre-Trial Conference and Jury Trial, to ensure that all of the discovery in this case has been released, reviewed and discussed.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request that this Unopposed Joint Motion for Continuance as to All Defendants Except Michael Anthony Gonzalez be GRANTED, and that it be reset.

Respectfully Submitted,

 /s/ Robert A. Jones
**ROBERT A. JONES**
4101 Greenbriar Dr., Suite 210
Houston, TX  77098
713.526.1171
rajoneslaw@aol.com
Fed Bar No. 12692

<ins>**CERTIFICATE OF SERVICE**</ins>

This is to certify that a true and correct copy of the foregoing Unopposed Joint Motion as to All Defendants Except Michael Anthony Gonzalez was served upon AUSA Eun Suh and AUSA Richard Bennett via electronic mail.

 /s/ Robert A. Jones
**ROBERT A. JONES**

## CERTIFICATE OF CONFERENCE

Counsel has been in contact with AUSA Eun Suh and AUSA Richard Bennett and they are unopposed.

/s/ Robert A. Jones
**ROBERT A. JONES**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO.: 4:21-CR-00350** |
| | § | |
| **VANESSA SILLABI** | § | |

**<u>ORDER</u>**

It is hereby **ORDERED** that the Unopposed Joint Motion for Continuance as to All

Defendants except Michael Anthony Gonzalez is hereby:

_____        **GRANTED**

_____        **DENIED**

SIGNED ON: _____



_____
**JUDGE GEORGE C. HANKS**